UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLYNN WILSON,<br><br>                            Plaintiff,<br><br>        v.<br><br>VERITAS CONSULTING GROUP INC.,<br>HEATHER JOY KOCH, ROBERT KOCH,<br>RON MCINTYRE, and STEVEN<br>GOLDBERG,<br><br>                           Defendants. | **Index No. 1:21-cv-8318**<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Through undersigned counsel, Plaintiff Glynn Wilson brings the following action against Defendants Heather Joy Koch, Robert Koch, Ron McIntyre, Steven Goldberg (together, the "**Individual Defendants**"), and Veritas Consulting Group Inc. ("**Veritas**" and with the Individual Defendants, "**Defendants**"):

1. Plaintiff sues Defendants because they used his name and likeness to promote their own business interests without Dr. Wilson's knowledge, consent, or authorization.

2. Dr. Wilson has been the Board Chair and executive officer of multiple publicly-traded companies.

3. Defendant Veritas advertises itself as a "consulting firm" that "was formed to provide undervalued public companies true access to institutions, hedge funds, retail brokerage firms, independent portfolio managers, analyst and obviously accredited investors."

4. Ms. Koch, Mr. McIntyre, and Mr. Goldberg own Veritas.

5. Mr. and Mrs. Koch created Veritas.

6. Veritas's website states that Mrs. Koch is its "Secretary and Treasurer."

7. Veritas's website states that Mr. McIntyre is its "Partner."

8. Veritas's website states that Mr. Goldberg is its "Senior Partner."

9. Veritas's website states that Mr. Koch is its "Global Head of Business Development."

10. On or around September 2, 2021, Dr. Wilson learned that Veritas's website was advertising him as a key "Team" member who is an Advisor of Veritas.

11. A true and correct copy of Veritas's profile webpage for Dr. Wilson, captured on September 3, 2021, is annexed hereto as Exhibit A.

12. Veritas's profile page for Dr. Wilson included a photograph of him.

13. That page also purported to describe Dr. Wilson by writing:

Glynn brings an extensive background of success in corporate management and product development with tenures in both multinational and start-up organizations. He was formerly Head of Drug Delivery at SmithKline Beecham Pharmaceuticals, Research Area Head in Advanced Drug Delivery at Ciba-Geigy Pharmaceuticals, and Founder, CEO and Chairman of TapImmune Inc. for 12 years which became Market Therapeutics through merger. At TapImmune he licensed cancer vaccine technology platforms and established the clinical pipeline.

14. Dr. Wilson has never worked for or otherwise been associated with Veritas.

15. Dr. Wilson has never signed any advisory or other agreement with Veritas.

16. Mr. Koch asked Dr. Wilson to be a Veritas advisor.

17. However, Dr. Wilson did not accept that offer.

2

18.     Furthermore, Dr. Wilson never agreed to allow Veritas to use his name, face, biography, or credentials to advertise itself on its website.

19.     Dr. Wilson has never been compensated by Veritas.

20.     Upon information and belief, all four Individual Defendants actually participated in the wrongful use of Dr. Wilson's name, portrait, and resume—without Dr. Wilson's written permission—in connection with Defendants' investor relations and stock promotions businesses.

21.     Defendants knew that Dr. Wilson did not and would not authorize their advertisement.

22.     For example, in August 2020, Dr. Wilson's company sued Mr. Koch for extortion in the Southern District of New York in the case captioned <u>Caro Capital, LLC v. Robert Koch</u>, No. 20-cv-6153-LJL-SLC.

23.     Therefore, no later than August 2020, Defendants knew that there was zero possibility that Dr. Wilson would ever consent to be advertised as an "Advisor" and "Team" member of Defendant Veritas.

## Jurisdiction and Venue

24. Dr. Wilson resides in Jupiter, Florida.

25. Veritas maintains offices at 30 Wall Street, New York, New York 10005 and 324 Jay Street, Katonah, New York 10536.

26. Veritas is a New York corporation.

27. Mr. and Mrs. Koch reside in Katonah, New York.

28. Upon information and belief, Mr. McIntyre resides in New York.

29. Upon information and belief, Mr. Goldberg resides in New York.

30. Pursuant to 28 U.S.C. § 1391, venue is proper in this district because Defendants performed their wrongful acts in this district.

31. The Court has personal jurisdiction over the Individual Defendants because they live and work in New York and committed tortious acts in New York.

32. Pursuant to 28 U.S.C. § 1332, this Court may exercise diversity jurisdiction in this action because no Defendant is a citizen of Florida and because Dr. Wilson's damages exceed $75,000.

## COUNT I
## New York Civil Rights Law § 51

33.    Dr. Wilson repeats the foregoing allegations as if set forth herein.

34.    Dr. Wilson never gave any Defendant his written consent to the use of his name, portrait, or biography on said Website and the Defendants knew or should have known that no such written consent had been obtained.

35.    Defendants' conduct is egregious and should shock the conscience of all reasonable people.

36.    To deter others from engaging in similar conscience-shocking behavior and punish Defendants for their misconduct, the Court should hold them accountable for their false, intentional, and / or reckless conduct.

37.    By reason of the foregoing, Defendants have acted in violation of Sections 50 and 51 of the Civil Rights Law of New York and have damaged Dr. Wilson.

38.    Dr. Wilson seeks no less than $100,000 in exemplary damages, as well as reimbursement of all costs and attorneys' fees incurred herein.

## COUNT II
**Unjust Enrichment**

39. Dr. Wilson repeats the foregoing allegations as if set forth herein.

40. Dr. Wilson is an experienced and known person in his field.

41. To promote and sell their own services, Defendants used Dr. Wilson's name, portrait and photo on its Website to communicate to readers that Plaintiff was a member of Defendant Veritas's "team" and an "Advisor" in biotechnology sector.

42. Defendants knew or should have known that Plaintiff was not a part of Defendants' "Team," was not an "Advisor" to Defendant Veritas, and had not otherwise endorsed Defendant Veritas.

43. By reason of the foregoing, Defendants have injured Dr. Wilson's business and have deprived him of his property rights in the business community and misused his personal reputation, without proper compensation to Dr. Wilson.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment as follows:

(i) On Count I, damages in an amount to be determined at trial, exemplary damages of $100,000, and an injunction prohibiting such conduct by Defendants, as provided in New York Civil Rights Law § 51;
(ii) On the Count II, an injunction prohibiting Defendants from using Dr. Wilson's name and likeness, an accounting, and payment of restitution in the amount that Defendants have unjustly enriched themselves by their appropriation of Plaintiff's name and reputation;
(iii) Attorney's fees;
(iv) Costs and disbursements; and
(v) Such other and further relief as is just and equitable.

Dated: October 8, 2021
    New York, New York

**GUSRAE KAPLAN NUSBAUM PLLC**

/s/ Martin H. Kaplan
Martin H. Kaplan
Kari Parks
120 Wall Street, 25th Floor
New York, New York 10005
(212) 269-1400
(212) 809-4147
mkaplan@gusraekaplan.com
kparks@gusraekaplan.com

*Counsel for Plaintiff*