UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

GLYNN WILSON,

                          Plaintiff,           Case No. 1:21-cv-08318 (JPO)

v.

VERITAS CONSULTING GROUP INC,
HEATHER JOY KOCH, ROBERT KOCH,
RON MCINTYRE, and STEVEN
GOLDBERG,

                          Defendants.
-------------------------------------------------------------------x

## DEFENDANTS' VERITAS CONSULTING GROUP INC, HEATHER JOY KOCH, ROBERT KOCH, AND RON MCINTYRE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

FMS LAWYER, PL
Frank Smith
9990 Stirling Road
Suite 226
Cooper City, Florida 33024
Tel. 954-985-1400
Fax. 954-241-6947
frank.smith@fmslawyer.com

DOVIN FICKEN, LLC
Edward J. Dovin (*pro hac vice pending*)
Allison S. H. Ficken (*pro hac vice pending*)
Christopher J. Moyen (*pro hac vice pending*)
3414 Peachtree Road NE, Suite 625
Atlanta, Georgia 30326
(770) 829-3869 (phone)
(770) 829-3865 (fax)
ejdovin@dovinficken.com
ahficken@dovinficken.com
cjmoyen@dovinficken.com

**Counsel for Defendants Veritas
Consulting Group Inc, Heather Joy Koch,
Robert Koch, and Ron McIntyre**

# TABLE OF CONTENTS

PAGE NO.

TABLE OF AUTHORITIES .......................................................................... ii

STATUTES ................................................................................................ iv

PRELIMINARY STATEMENT .................................................................. 1

BACKGROUND ....................................................................................... 2

FACTS .................................................................................................... 2

LEGAL STANDARD ............................................................................... 3

ARGUMENT AND CITATION OF AUTHORITIES ........................................ 4

I.    INVASION OF PRIVACY CLAIM ...................................................... 4

    A.    *Dr. Wilson's Section 51 Claim is Barred by the Applicable Statute of Limitations.* ............................................................................. 5

    B.    *The Individual Defendants, except Mr. Koch, Should Be Dismissed from this Case because the Complaint contains no factual allegations of any wrongdoing by these Defendants.*............................................ 6

    C.    *Dr. Wilson's Claim for Exemplary Damages for Knowing Violation of Section 51 Is Also Subject to Dismissal.*......................................... 7

II.   UNJUST ENRICHMENT CLAIM ..................................................... 10

CONCLUSION ...................................................................................... 11

# TABLE OF AUTHORITIES

CASES                                                                    PAGE NO(s)


*Aleem v. Experience Hendrix, L.L.C.*, No. 16 CIV 9206(ER),
    2017 WL 3105870 (S.D.N.Y. July 20, 2017) (Ramos, J.) ..................................... 7

*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) ........................................ 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................ 3, 4, 7, 9

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ............................. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................... 3, 4, 7

*Biro v. Conde Nast*, 807 F.3d 541 (2d Cir. 2015) ...................................................... 9

*Bondar v. LASplash Cosmetics*, No. 12 Civ. 1417 (SAS),
    2012 WL 6150859 (S.D.N.Y. Dec. 11, 2012) (Scheindlin, J.) .............................4, 10

*Carvel Corp. v. Noonan*, 350 F.3d 6 (2d Cir. 2003),
    certified question answered, 3 N.Y.3d 182 (N.Y. 2004) ....................................... 9

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ......................................... 6

*Comolli v. Huntington Learning Centers, Inc.*, 117 F.Supp.3d 343
    (S.D.N.Y. 2015) (Scheindlin, J.) ......................................................... 5

*Cookware Company (USA), LLC v. Austin*, No. 15 Civ. 5796 (DAB),
    2016 WL 7378762 (S.D.N.Y. Dec. 8, 2016) (Batts, J.) .................................... 9, 10

*DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010) ................................. 5

*Lohan v. Perez*, 924 F.Supp.2d 447 (E.D.N.Y. 2013) (Hurley, J.) ..................................... 10

*Molina v. Phoenix Sound Inc.*, 747 N.Y.S.2d 227 (1st Dep't 2002) ................................... 5

*Nussenzweig v. diCorcia*, 9 N.Y.3d 184 (2007) ......................................................... 5

*Patel v. Baluchi's Indian Rest.*, No. 08 Civ. 9985 RJS,
    2009 WL 2358620 (S.D.N.Y. July 30, 2009) (Sweet, J.) .................................... 4

*Prince v. Madison Square Garden*, 427 F. Supp. 2d 372 (S.D.N.Y. 2006) (Sweet, J.) ............. 7

*Prozeralik v. Capital Cities Commc'ns, Inc.*, 82 N.Y.2d 466 (N.Y. 1993) ........................... 9

*Sondik v. Kimmel*, 131 A.D.3d 1041 (2d Dep't 2015) …………………………………………….. 10

*Trahan v. Lazar*, 457 F.Supp.3d 323 (S.D.N.Y. 2020) (Woods, J.) ........................................... 3, 5

*Zoll v. Jordache Enters., Inc.*, No. 01 Civ. 1339 (CSH),
          2002 WL 31873461 (S.D.N.Y. Dec. 24, 2002) (Haight, J.) ...............................................10

<u>STATUTES</u>

<u>PAGE NO(s)</u>

New York Civil Rights Law § 50 ...................................................................................... 2, 4, 5, 10

New York Civil Rights Law § 51 .......................................................................................... *passim*

Defendants Veritas Consulting Group Inc ("**Veritas**"), Heather Joy Koch ("**Mrs. Koch**"), Robert Koch ("**Mr. Koch**"), and Ron McIntyre ("**Mr. McIntyre**") (collectively "**Defendants**")[1] hereby submit this memorandum of law in support of their Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the Complaint ("**Complaint**") filed by Plaintiff Glynn Wilson ("**Dr. Wilson**" or "**Plaintiff**").

## PRELIMINARY STATEMENT

In this action, Plaintiff asserts a claim against all five Defendants for unauthorized use of his name and likeness on Veritas' website, in violation of §§ 50 and 51 of the New York Civil Rights Law. However, claims under that statute must be brought within one year of the first allegedly unauthorized publication or use of Plaintiff's name and likeness. The Complaint was filed on October 8, 2021, while the allegedly unauthorized information on Veritas' website was first published in December 2019, nearly two years ago, and as a result, Plaintiff's invasion of privacy claim is time-barred.

In addition, even if the invasion of privacy claim were not time-barred, the Complaint contains no factual allegations that any of the Defendants other than Veritas and Mr. Koch "used" Plaintiff's name or likeness. Rather, the Complaint merely lumps all the "Defendants" together, and alleges, in conclusory fashion, that all the Defendants "knowingly" published Plaintiff's name, picture, and biography in violation of New York's privacy statute. These allegations are completely devoid of any factual support and are plainly insufficient as a matter of law to plead the knowledge necessary to entitle Plaintiff to exemplary damages under the statute.

---

[1] Defendant Steven Goldberg is not represented by undersigned counsel.

Finally, Plaintiff's claim for unjust enrichment fails as a matter of law because it is preempted by §§ 50 and 51 of the New York Civil Rights Law. As a result, the Court should dismiss the Complaint in its entirety with prejudice.

## BACKGROUND

This action was clearly filed for the sole, improper purpose of harassing Mr. Koch and causing him unnecessary litigation expense. Indeed, Dr. Wilson, a former business associate of Mr. Koch, sits on the Board of Directors of Jupiter Wellness, Inc. ("**Jupiter**"). In May 2021, Mr. Koch brought claims against Jupiter for breach of contract. (*See,* S.D.N.Y. Civil Action No. 1:20-cv-6153 (LJL)) (the "**Jupiter Action**"). Five months later, in October 2021, the same attorneys representing Jupiter in the Jupiter Action filed this Complaint on behalf of Dr. Wilson alleging he did not know or consent to certain past business transactions with Veritas – even though there is written evidence that Dr. Wilson agreed to act as an "advisor" to Veritas, and Dr. Wilson testified in the Jupiter Action that he would work with Mr. Koch now or in the future if he were asked to. As an advisor to Veritas, Dr. Wilson knows, or should know, that Veritas published its website (including his name, picture, and biography) in December of 2019 – nearly two years before he brought this action. Thus, this Complaint is untimely and devoid of factual support – and was obviously filed in a bad faith attempt to harass Mr. Koch and gain leverage against him in the Jupiter Action by suing his wife and two other individuals with whom Dr. Wilson has never had any business relationship.

## FACTS

The Complaint contends that all five Defendants violated New York Civil Rights Law ("**NYCRL**") §§ 50 and 51 because they "used his name and likeness to promote their own business interests without Dr. Wilson's knowledge, consent or authorization." [Doc. 1: Compl. ¶ 1].

2

Notably, the Complaint does not seek any compensatory damages (since there are none) – but instead seeks "no less than $100,000 in exemplary damages" as well as costs and attorneys' fees. [Doc. 1: Compl. ¶¶ 34-38].   However, other than formulaic and conclusory allegations of "conscience-shocking behavior" and "egregious conduct" by all Defendants, the Complaint does not contain a single fact in support of these allegations.   Thus, the thread-bare allegations in the Complaint do not support Dr. Wilson's invasion of privacy claim.   Moreover, Dr. Wilson's claim for invasion of privacy is time-barred under the one year statute of limitations – a fact that Dr. Wilson and his attorneys know (or should know).

## LEGAL STANDARD

"'To survive dismissal [on a Fed. R. Civ. P. 12(b)(6) motion], the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"   *Trahan v. Lazar*, 457 F.Supp.3d 323, 341 (S.D.N.Y. 2020) (Woods, J.) (quoting A*TSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), which in turn quotes *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Indeed, the Complaint must plead "more than labels and conclusions[;] a formulaic recitation of a cause of action's elements will not do."   *Twombly*, 550 U.S. at 555.

As the Supreme Court instructed in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. **While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations**. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

(Emphasis added).

3

The Court must dismiss any claims supported only by 'a formulaic recitation of the elements of a cause of action' or '"naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not "unlock the doors of discovery." *Patel v. Baluchi's Indian Rest.*, No. 08 Civ. 9985 RJS, 2009 WL 2358620, at *2–3 (S.D.N.Y. July 30, 2009) (Sweet, J.) (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT AND CITATION OF AUTHORITIES

### I.    INVASION OF PRIVACY CLAIM

NYCRL § 50 prohibits the use of a living person's "name, portrait or picture" for advertising or trade purposes without his written consent. In the event of a violation of § 50, NYCRL § 51 provides for injunctive, compensatory and punitive damages:

> Any person whose name, portrait, picture or voice is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait, picture or voice, to prevent and restrain the use thereof; and may also sue and *recover damages for any injuries sustained* by reason of such use and if the defendant shall have *knowingly used such person's name, portrait, picture or voice in such manner as is forbidden or declared to be unlawful by section fifty of this article, the jury, in its discretion, may award exemplary damages* . . ..

(Emphasis added).

"Together, these sections create a private right of action (a 'Section 51 claim') for the use of a living person's picture for advertising or trade purposes without that person's written consent. The elements of such action are: '(i) usage of plaintiff's ... picture ... (ii) within the State of New York, (iii) for purposes of advertising or trade, (iv) without plaintiff's written consent.'" *Bondar v. LASplash Cosmetics*, No. 12 Civ. 1417 (SAS), 2012 WL 6150859, at *6 (S.D.N.Y. Dec. 11,

2012) (Scheindlin, J.) (quoting *Molina v. Phoenix Sound Inc.*, 747 N.Y.S.2d 227, 230 (1st Dep't 2002)).

Here, Dr. Wilson seeks to recover punitive damages from all five Defendants because Veritas allegedly used his "name, portrait, or biography on [its] Website" without his written consent [Doc. 1: Compl. ¶ 34], which he claims "violates Sections 50 and 51 of the [NYCRL]." [*Id.* ¶ 37]. However, as set forth below, these claims are time-barred and lack sufficient factual support to satisfy federal pleading requirements.

### A. *Dr. Wilson's Section 51 Claim is Barred by the Applicable Statute of Limitations.*

"Pursuant to New York Civil Practice Law and Rules § 215(3), an action for a violation of the right of privacy under Section 51 must be brought within one year of the claim's accrual." (*Id.*) Importantly, "New York courts apply the single publication rule to Section 51 claims, according to which the cause of action **"accrues on the date the offending material is first published."** *Comolli v. Huntington Learning Centers, Inc.*, 117 F.Supp.3d 343, 349 (S.D.N.Y. 2015) (Scheindlin, J.) (quoting *Nussenzweig v. diCorcia,* 9 N.Y.3d 184, 188 (2007)) (emphasis added). Thus, Plaintiff's cause of action for violation of Section 51 accrued on the date that Veritas first published Plaintiff's name, picture, and biography on Veritas' website.

Not surprisingly, the Complaint in this case fails to allege the first date of publication, no doubt because, as Dr. Wilson and his attorneys know, Veritas first published Dr. Wilson's name, picture, and biography on its website on <u>December 16, 2019</u>. (Affidavit of Robert Koch ¶¶ 17-19, attached hereto as Exhibit 1; Affidavit of John Craddock, attached hereto as Exhibit 2).[2]

---

[2] "[E]xtrinsic documents [such as those attached to Mr. Koch's affidavit] may be considered as part of the pleadings if they either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *Trahan v. Lazar*, 457 F.Supp.3d 323, 341 (S.D.N.Y. 2020) (Woods, J.) (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d

Accordingly, the one-year statute of limitations on his Section 51 claim ran on <u>December 16, 2020</u>.

Thus, his invasion of privacy claim, filed on <u>October 8, 2021</u>, is time-barred and must be dismissed

in its entirety as to all Defendants.

**B.** ***The Individual Defendants, except Mr. Koch, Should Be Dismissed from this Case because the Complaint contains no factual allegations of any wrongdoing by these Defendants.***

In addition to being untimely, all of the factual allegations in the Complaint relate solely

to Defendants Veritas and Mr. Koch.  Indeed, the only facts alleged in the Complaint are that:

- Mr. Koch asked Dr. Wilson to be an advisor to Veritas, but Dr. Wilson never accepted the offer.  [Doc. 1: Compl. ¶¶ 16-17]

- Veritas' website advertised Dr. Wilson as an advisor to Veritas.  [Doc. 1: Compl. ¶ 10]

- Veritas' website used Dr. Wilson's name, picture and bio.  [Doc. 1: Compl. ¶¶ 12-13]

- Dr. Wilson "never agreed to allow Veritas to use his name, face, biography, or credentials to advertise itself on its website.  [Doc. 1: Compl. ¶ 18]

These allegations, even if taken as true for purposes of this Motion, arguably state a claim "above

the speculative level" against Veritas and/or Mr. Koch, but they do not provide any factual support

for Dr. Wilson's invasion of privacy claim against the three other individual Defendants.  Indeed,

the Complaint does not allege any specific conduct by Mrs. Koch, Mr. McIntyre or Mr. Goldberg

---

54, 60 (S.D.N.Y. 2010)).   Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Here, the sole basis of Plaintiff's claim is use of his name and likeness on Veritas' websit. Therefore, the documents attached to Mr. Koch's affidavit, which relate to Veritas' website and its publication of Plaintiff's name, picture and biography, are clearly integral to the Complaint and may be considered by the Court without converting the Motion to Dismiss to a Motion for Summary Judgment. *See, Chambers*, 282 F.3d at 153.

that violates Section 51. Rather, the Complaint simply lumps these Defendants in with Veritas and Mr. Koch and baldly asserts, **on information and belief**, that "all four Individual Defendants actually participated in the wrongful use of Dr. Wilson's name, portrait and resume . . . ." [Doc. 1: Compl. ¶ 20]. However, this single, conclusory allegation is exactly the type of "naked assertion devoid of further factual enhancement" that the Supreme Court held in *Iqbal* and *Twombly* to be insufficient to withstand a motion to dismiss.

In addition, "[c]onclusory pleadings 'on information and belief' are inadequate at law to survive a motion to dismiss." *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006) (Sweet, J.). If a plaintiff pleads facts alleged upon information and belief, he must also plead "a statement of the facts upon which the belief is founded." *Aleem v. Experience Hendrix, L.L.C.*, No. 16 CIV 9206(ER), 2017 WL 3105870, at *2 (S.D.N.Y. July 20, 2017) (Ramos, J.) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

Therefore, the Complaint fails to state a claim for relief against Mrs. Koch, Mr. McIntyre and Mr. Goldberg[3] – all of whom should be dismissed from this case.

### C.    *Dr. Wilson's Claim for Exemplary Damages for Knowing Violation of Section 51 Is Also Subject to Dismissal.*

NYCRL § 51 provides for punitive damages if the defendant "knowingly" uses a person's name or likeness without his written consent. In a transparent effort to concoct a claim for punitive damages under this section, the Complaint alleges, in conclusory fashion, that "Defendants knew" that Dr. Wilson "would not" authorize Veritas' use of his name, picture or bio on its website. [Doc. 1: Compl. ¶ 21]. However, the sole factual support for Defendants' alleged "knowledge" is

---

[3] Although undersigned counsel do not represent Mr. Goldberg in this case, the Court may *sua sponte* dismiss him from the case where the Complaint fails to allege that he engaged in any actionable conduct.

that (1) Dr. Wilson "did not accept" Mr. Koch's "offer" "to be a Veritas advisor," [Doc. 1: Compl. ¶¶16-17], and (2) since Jupiter sued Mr. Koch in August 2020, Defendants "knew" at that point that there was "zero possibility" that Dr. Wilson would consent to Veritas' use of his name and likeness on its website. [Doc. 1: Compl. ¶¶22-23]. Neither of these allegations meets the federal pleading standard.

First, Dr. Wilson's argument that he "did not accept" Mr. Koch's offer to become an advisor to Veritas does not make it plausible that Veritas and Mr. Koch knowingly violated Section 51. Notably, nowhere in the Complaint does Dr. Wilson state that he told Mr. Koch that he did not want to be an advisor to Veritas, or that he did not want his name or photo to be included on Veritas' website. In fact, Dr. Wilson's own correspondence with Mr. Koch contradicts any factual allegation that he gave Mr. Koch notice that he did not want his name or likeness to appear on Veritas' website. (*See*, Koch Aff. ¶¶ 12-16 and Affidavit Exhibits A, B, and C).

Similarly, Dr. Wilson's assertion that the Jupiter Action put Mr. Koch on notice that Dr. Wilson would not authorize the use of his name and image on Veritas' website fails to raise a plausible inference that Mr. Koch and Veritas knew they were violating Section 51. Indeed, Veritas is not a party to the Jupiter Action. Moreover, Dr. Wilson is merely a member of the Board of Directors of Jupiter – he is not a party to the Jupiter Action and has no financial interest in that action, nor is he ever even mentioned in the pleadings in that case.[4] Thus, to claim that Mr. Koch and Veritas should have known that they needed to remove Dr. Wilson's name and photo from Veritas' website based on an unrelated lawsuit that neither Veritas nor Dr. Wilson are a party to is nonsensical.

---

[4] This Court may take judicial notice of the Complaint and all pleadings in the Jupiter Action because the pleadings are a matter of public record.

Other than the single conclusory allegation and these two flimsy assertions, the Complaint merely contains incendiary language, claiming that Defendants' "egregious" conduct would "shock the conscience of all reasonable people," and that the Court should "punish Defendants for their misconduct and hold them accountable for their false, intentional, and / or reckless conduct." [Doc. 1: Compl. ¶¶ 35-36]. These conclusory allegations and histrionics are insufficient to plead knowledge or intent as a matter of law.

The Second Circuit has noted that "Iqbal makes clear that Rule 9(b)'s language notwithstanding, Rule 8's plausibility standard applies to pleading intent." *Biro v. Conde Nast*, 807 F.3d 541, 544-45 (2d Cir. 2015) (citing *Iqbal*, 556 U.S. at 686–87). "There, the Supreme Court held that 'Rule 9(b) requires particularity when pleading fraud or mistake, while allowing malice, intent, knowledge, and other conditions of a person's mind to be alleged generally,' but "does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8.'" *Id.* Thus, the Second Circuit determined that "[i]t follows that malice [like knowledge] must be alleged plausibly in accordance with Rule 8." *Id.* (emphasis added.)

Furthermore, "[t]o obtain punitive damages in a tort action under New York law, a plaintiff 'must demonstrate the existence of 'circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton.'" *Cookware Company (USA), LLC v. Austin*, No. 15 Civ. 5796 (DAB), 2016 WL 7378762, at *6 (S.D.N.Y. Dec. 8, 2016) (Batts, J.) (quoting *Carvel Corp. v. Noonan*, 350 F.3d 6, 24 (2d Cir. 2003), certified question answered, 3 N.Y.3d 182 (N.Y. 2004) (quoting *Prozeralik v. Capital Cities Commc'ns, Inc.*, 82 N.Y.2d 466, 479 (N.Y. 1993)).

In *Cookware*, the plaintiff merely alleged that defendants committed tortious conduct 'willfully and in bad faith.'" *Cookware*, 2016 WL 7378762, at *6. Noting that the allegations were "conclusory, the Court dismissed the claim for punitive damages without leave to replead where additional factual allegations such as a defendant making a phone call to his daughter-in-law to assist her sales efforts on behalf of an alleged competitor of the plaintiff "do not rise to the level of malice required to impose punitive damages." (*Id.*)

Likewise in this case, the factual allegations in the Complaint simply do not rise to the level of knowledge and intent required to impose exemplary damages under Section 51. Therefore, Dr. Wilson's exemplary damages claim should also be dismissed.

## II.    UNJUST ENRICHMENT CLAIM

It is well-established under New York law that Section 51 preempts any claims for unjust enrichment. *See, e.g.*, *Sondik v. Kimmel*, 131 A.D.3d 1041, 1042 (2d Dep't 2015) ("Common-law unjust enrichment claims for the unauthorized use of an image or likeness are preempted by Civil Rights Law §§ 50 and 51); *Bondar v. LASplash Cosmetics*, No. 12 Civ. 1417 (SAS), 2012 WL 6150859, at *7 (S.D.N.Y. Dec. 11, 2012) (Scheindlin, J.) ("Common law right to privacy claims based on unauthorized use of a person's image, including unjust enrichment, are preempted by the NYCRL. Therefore, [plaintiff's] unjust enrichment claim is dismissed."); *Lohan v. Perez*, 924 F.Supp.2d 447, 456 (E.D.N.Y. 2013) (Hurley, J.) ("Plaintiff's unjust enrichment claim, which is 'related to' the unauthorized use of her name . . . is therefore "subsumed under [NYCRL] §§ 50, 51."); *Zoll v. Jordache Enters., Inc.*, No. 01 Civ. 1339 (CSH), 2002 WL 31873461, at *16 (S.D.N.Y. Dec. 24, 2002) (Haight, J.) ("Where a claim arises from unauthorized use of an image or likeness, plaintiffs have not been allowed to advance common law claims in addition to their statutory claims merely by recasting the statutory claim as a common law claim.").

10

As a result, Dr. Wilson's unjust enrichment claim fails as a matter of law and must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss should be GRANTED.

Dated: November 24, 2021

FMS Lawyer PL

/s/ Frank Smith
Frank Smith

9900 Stirling Road, Suite 226
Cooper City, Florida 33024
Tel. 954-985-1400
Fax. 954-241-6947
frank.smith@fmslawyer.com

DOVIN FICKEN LLC
Edward J. Dovin  (*pro hac vice* pending)
Allison S.H. Ficken  (*pro hac vice* pending)
Christopher J. Moyen (*pro hac vice* pending)
3414 Peachtree Road NE
Suite 625, Monarch Plaza
Atlanta, Georgia 30326
(770) 829-3869 (phone)
(770) 829-3865 (fax)
Email: ejdovin@dovinficken.com
        ahficken@dovinficken.com
        cjmoyen@dovinficken.com

**Counsel for Defendants Veritas
Consulting Group Inc, Heather Joy Koch,
Robert Koch, and Ron McIntyre**