UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLYNN WILSON,

                Plaintiff,

-v-

VERITAS CONSULTING GROUP INC. *et al.*,

                Defendants.

21-CV-8318 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Plaintiff Glynn Wilson brings this action against Veritas Consulting Group Inc. ("Veritas"), Heather Joy Koch, Robert Koch, Rob McIntyre, and Steven Goldberg, alleging that the Defendants used his name and likeness on Veritas's website without his written consent. Wilson has sued the Defendants under New York Civil Rights Law § 51 and for unjust enrichment. Defendants move to dismiss both of Wilson's claims. For the reasons that follow, Defendants' motion is granted in part and denied in part.

**I.    Background**[1]

Wilson's allegations are spare and relatively simple. Wilson alleges that on September 2, 2021, he "learned" that Veritas, a consulting firm, featured his name, photograph, and biography on its website as a team member and advisor of Veritas. (Compl. ¶¶ 10-13.) Wilson alleges that he never gave permission to Veritas to advertise this information. (Compl. ¶ 18.) He further alleges that he has never been involved with Veritas, has never been compensated by Veritas, and that while Robert Koch asked him to be an advisor to the firm, he declined. (Compl. ¶¶ 14-

---

[1] These background facts are taken from the complaint ("Compl.") and presumed true for the purposes of this Opinion and Order.

17.)  He also claims that, based on a separate lawsuit in this District, *see Caro Capital, LLC v. Robert Koch*, No. 20 Civ. 6153, Defendants "knew that there was zero possibility" he would consent to being publicly associated with Veritas.  (Compl. ¶ 22.)

Wilson then commenced this action, suing Veritas as well as individuals he alleges are its secretary and treasurer (Heather Joy Koch), partners and senior partners (Rob McIntyre and Steven Goldberg), and global head of business development (Robert Koch).  (Compl. ¶¶ 6-9.)  Wilson also alleges that Heather Joy Koch and Robert Koch created and own Veritas.  (Compl. ¶¶ 4, 5.)

## II.     Legal Standard

### A.     Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," such that a plaintiff's claims cross "the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard "demands more than an unadorned . . . accusation," for a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.

In determining the adequacy of a claim under Rule 12(b)(6), a court is generally limited to the "facts stated on the face of the complaint."  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (internal quotation marks omitted).  However, "extrinsic documents may be considered as part of the pleadings if they either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint."  *DeLuca v. AccessIT Grp., Inc.*, 695 F.

Supp. 2d 54, 60 (S.D.N.Y. 2010). For a document to be integral to a complaint, "the plaintiff must have (1) 'actual notice' of the extraneous information and (2) 'relied upon th[e] documents in framing the complaint.'" *Id.* (alteration in original) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

### B.   Right to Privacy under NYCRL §§ 50-51

NYCRL § 51 provides that

> "Any person whose name, portrait, picture or voice is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided  may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait, picture or voice, to prevent and restrain the use thereof;  and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait, picture or voice in such manner as is forbidden or declared to be unlawful by section fifty of this article, the jury, in its discretion, may award exemplary damages."

NYCRL § 50 forbids the "use for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person." Together, these two sections create a private right of action for the use of a living person's picture for advertising or trade purposes without the person's written consent. To establish such a claim, the plaintiff must demonstrate each of four elements: "(i) usage of plaintiff's name, portrait, picture, or voice, (ii) within the state of New York, (iii) for purposes of advertising or trade, (iv) without plaintiff's written consent." *Molina v. Phoenix Sound Inc.*, 297 A.D.2d 595, 597, 747 N.Y.S.2d 227, 230 (1st Dep't 2002).

### III.   Discussion

### A.   Unjust Enrichment

Wilson concedes that NYCRL §§ 50 and 51 preempt his claim for unjust enrichment. (*See* Dkt. No. 32 at 9.) The Court agrees. *See, e.g.*, *Zoll v. Ruder Finn, Inc.*, No. 01 Civ. 1339,

3

2004 WL 42260, at *4 (S.D.N.Y. Jan. 7, 2004) ("The New York Civil Rights law preempts all common law claims based on unauthorized use of name, image, or personality, including unjust enrichment claims."). Wilson's unjust enrichment claim is therefore dismissed as preempted.

### B. Heather Joy Koch, Ron McIntyre, and Steven Goldberg

Defendants argue that the individual defendants, other than Robert Koch, should be dismissed from this action. Wilson's total allegations against these individuals amount to a recitation of their role within Veritas, and an allegation "upon information and belief" that all four Defendants "actually participated" in the alleged use of Wilson's name, photograph, and credentials on the Veritas website. (Compl. ¶¶4-9, 20.) Though a plaintiff may plead facts alleged upon information and belief, they may do so only where "the belief is based on factual information that makes the inference of culpability plausible" and where these allegations are "accompanied by a statement of facts upon which the belief is founded." *Aleem v. Experience Hendrix, L.L.C.,* No. 16 Civ. 9206, 2017 WL 3105870, at *2 (S.D.N.Y. July 20, 2017) (quoting *Arista Records*, *LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Wilson's allegations against these three individual defendants fail to meet this threshold.

None of the cases on which Wilson relies demonstrate otherwise — indeed, they show by contrast the ways in which his complaint is lacking. In *Lefkowitz v. McGraw-Hill Global Educational Holdings, LLC*, the complaint included a detailed summary of the alleged copyright infringement, as well as specific evidence "in support of" defendants' alleged pattern and practice of infringement, including identifying "six other lawsuits filed against [d]efendants" and "examples of where [d]efendants allegedly admitted to the unauthorized use of photographs that they licensed." 23 F. Supp. 3d 344, 353 (S.D.N.Y. 2014). Similarly, the complaint in *Arista Records* included an exhibit identifying the defendants "on a [d]efendant-by-[d]efendant basis" by IP address and including "lists of specific songs found in the respective Doe defendants' file-

sharing folders, on the date shown, at the time indicated, on the specified online, peer-to-peer, file-sharing network." 604 F.3d at 121. As the court there noted, "to the extent that . . . allegations [were] made on information and belief, virtually all of them [were] supported by factual assertions" in the attached exhibit. *Id.* That is not the case here. Wilson has failed to plead specific factual allegations supporting his claims or raising them above the level of speculation, and therefore the claims against these three individual defendants are dismissed.

C. **Exemplary Damages**

NYCRL § 51 allows for the jury, at its discretion, to award exemplary damages if the defendant "knowingly" used a person's name, portrait, picture or voice without their consent under § 50. While intent is a question of fact, *see Gitter v. Gitter,* 396 F.3d 124, 132 (2d Cir. 2005) (discussing the deference required to the district court, not pleading standards), that does not excuse a plaintiff's burden to allege facts upon which the claim is based. *See, e.g.*, *Biro v. Conde Nast,* 807 F.3d 541, 545 (2d Cir. 2015) (explaining that states of mind, such as malice or intent, "must be alleged plausibly in accordance with Rule 8."). Moreover, to sustain exemplary, or punitive, damages in a tort action under New York law, a plaintiff "must demonstrate the existence of 'circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton.'" *Cookware Co. (USA), LLC v. Austin,* No. 15 Civ. 5796 (DAB), 2016 WL 7378762, at *6 (S.D.N.Y. Dec. 8, 2016) (quoting *Carvel Corp. v. Noonan*, 350 F. 3d 6, 24 (2d Cir. 2003)). To comport with the Due Process Clause, punitive damages must be tied to the amount of actual damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, (2003).

Here, Wilson has alleged no facts as to how Defendant's alleged use of his picture and name have actually injured him. As to knowledge, he alleges that he did not accept Robert

Koch's offer to be a Veritas advisor and that because "[his] company sued Mr. Koch for extortion," defendants "knew that there was zero possibility he would ever consent" to his appearance on Veritas's website.  (Compl. ¶¶ 17, 22.)  This inference is dubious, however, as that lawsuit contains no indications at all that Wilson is associated with its plaintiffs, and in fact does not reference Wilson at all.  *See Caro Capital, LLC v. Robert Koch*, No 20. Civ. 6153.  Though a court must accept the facts as the complaint alleges them, "when any allegations contradict the evidence contained in the documents relied upon by a plaintiff, the documents control, and the Court need not accept the allegations contained within the complaint as true." *Rozsa v. May Davis Group, Inc.*, 187 F. Supp. 2d 123, 128 (S.D.N.Y. 2002).

Wilson's final allegation to support his request for exemplary damages is a conclusory allegation that "Defendants' conduct is egregious and should shock the conscience."  (Compl. ¶ 35).   This, however, is no more than a recitation of the elements required to sustain a claim for exemplary damages.  *See Ashcroft*, 556 U.S. at 678 ("[A] formulaic recitation of the elements of a cause of action will not do.").  Wilson alleges no facts that could support a plausible inference of spite, malice, fraudulent or evil motive that could raise Defendant's alleged actions to the level of "willful or wanton." *See, e.g., Cookware Co. (USA)*, 2016 WL 7378762, at *6 (dismissing plaintiff's claims because the complaint contained only a conclusory allegation that their behavior was done "willfully and in bad faith.").  Accordingly, Wilson's claim for exemplary damages is dismissed.

### D. Statute of Limitations

Defendants' final argument is that Wilson's claim is time-barred.  "Pursuant to New York Civil Practice Law and Rules § 215(3), an action for a violation of the right of privacy under Section 51 must be brought within one year of the claim's accrual." *Bondar v. LASplash Cosms.*, No. 12 Civ. 1417, 2012 WL 6150859, at *6 (S.D.N.Y. Dec. 11, 2012).  New York courts

6

apply a single publication rule to claims under NYCRL § 51 such that a claim accrues "on the date the offending material is first published." *Comolli v. Huntington Learning Centers, Inc.*, 117 F. Supp. 3d 343, 349 (S.D.N.Y. 2015).

In his opposition papers, Wilson argues that rather than publication, discovery is the relevant date. This argument is unavailing and contradicted by Wilson's own case law. As Wilson notes, in *Zoll v. Ruder Finn*, the court explained that the relevant date is "the first moment when Plaintiff *could have or should have known*" which is why the relevant date is "when potentially tortious material 'goes public.'" 2004 WL 42260, at *2 (emphasis applied as in Wilson's opposition brief, *see* Dkt. No. 32 at 9). Here, there is no allegation that the webpage was not publicly available when it was first published, nor any reason why Wilson would not have been able to discover it before he did. Likewise, in *Pelton v. Rexall Sundown, Inc.*, the court dismissed the claim as time-barred because "[p]laintiff had ample opportunity to discovery the alleged violation of Section 51 before the statute of limitations expired." No. 99 Civ. 4342, 2001 WL 327164, at *4 (S.D.N.Y. Apr. 4, 2001). Here, too, there seems to be no reason Wilson could not have discovered the webpage when it was first published.

Wilson's complaint, however, does not allege the date on which the allegedly offending webpage was published, but only the date on which he "learned" of it. (Compl. ¶ 10.) Defendants have submitted two affidavits purporting to show that the website was published in 2019, including exhibits from 2019 in which Robert Koch and Wilson discuss the website, and screenshots and URLs of the website as it was archived in 2019.

When evaluating a claim under Rule 12(b)(6), courts are limited to the facts as stated in the complaint. Extrinsic documents may sometimes be considered if they are "incorporated into the complaint by reference" or "integral to the complaint." *DeLuca,* 695 F. Supp. 2d at 60. The

7

complaint references neither the emails nor the archived webpage, nor anything pointing to a publication date for the webpage. And for a document to be "integral," the plaintiff must have had "actual notice" of the information and have "relied upon the documents in framing the complaint." *Id.* Under this standard and given Wilson's complaint, the Court may not consider Defendant's extrinsic submissions. At most, the Court could consider a screenshot of the website itself (which Wilson purports to attach to his complaint, but which is not in fact reflected on the docket), but not the website as viewed through an archiving mechanism, as there is no evidence that Wilson relied on such when framing his complaint.

Accordingly, the complaint cannot be dismissed as time-barred on under Rule 12(b)(6). The Court notes, however, that there appears to be a statute of limitations issue here and will entertain targeted summary judgment briefing on this issue.

### IV.   Conclusion

Defendants' motion to dismiss is GRANTED in part and DENIED in part. Count II of the complaint (unjust enrichment) is hereby dismissed, as are the claims against Heather Joy Koch, Rob McIntyre, and Steven Goldberg. Wilson's claim for exemplary damages is also dismissed. Defendants' motion to dismiss is denied insofar as it seeks dismissal of Count I (NYCRL § 51) as time-barred.

The Clerk of Court is respectfully directed to close the motion at Docket Number 20. The Clerk is also directed to terminate Defendants Heather Joy Koch, Rob McIntyre, and Steven Goldberg as parties to this action.

SO ORDERED.

Dated: September 13, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge